## JACOBS v. GRASSHOFF

———

(February 11, 1929. Opinion and Decree.)

———

Arthur J. Ryan, of New Orleans, attorney for plaintiff, appellant.

McLoughlin and West, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff, a real estate agent, was employed to sell certain real estate.

He claims that he obtained a purchaser and this suit is for his commission. It is his contention that the sale was not consummated because his client's title was not merchantable and that for that reason

the purchaser refused to accept it and that as the defect in the title is not chargeable to him he, having fully performed his obligation under the contract, is entitled to his stipulated commission.

No suit for specific performance was filed. Had one been brought, the question of the validity of the title would have been determined in that suit. It cannot be decided by us now. Title examination is work to be done by attorneys and not by courts.

The truth is that a suit for specific performance was· not brought because none would lie under the contract which plaintiff obtained.

In that contract we find the following condition:

"Balance through Homestead Loan Guaranteed."

It has been held repeatedly that a real estate contract which contains the stipulation "balance through homestead" or any similar phrase is unenforceable because of the potestative condition. Titus vs. Jackson et al., 7 La. App. 37:

"A contract to buy and sell real estate, under which the buyer agrees to buy subject to homestead loan enables the buyer to prevent or hinder the happening of the event upon which his obligation depends, and is therefore void as containing the potestative condition."

Parks vs. Cillufa, 7 La. App. 749:

"A promissory note which has for its consideration the payment of a deposit to bind a sale made 'for cash through homestead' is null and cannot be enforced by the original holder, when the sale has failed."

We are asked to distinguish this case on the theory that here the words "Loan guaranteed" removed the uncertainty which the words "balance through homestead" ordinarily import.

We do not see the distinction. If the purchaser intended to convey the fact that he had already arranged for a homestead loan, there was no necessity to insert any condition in the contract.

Surely his purpose in putting the condition in was to reserve to himself a way out if no loan could be obtained. What the words "loan guaranteed" meant in this case we cannot say, unless the purchaser intended to lead the vendor to believe that he need not worry about the other part of the condition. In other words, it seems that the purchaser intended to say: "I will buy your property if I can get a homestead loan and I feel sure that I can get such a loan because one has been offered me."

If that was what he meant, the fact that he inserted the condition into the contract shows, as we have said, that he wanted a way out if necessary and hence the contract was not unconditional, but depended on the will of others, and it was also within the power of the buyer to nullify the contract by not applying for the loan.

That the purchaser's intention was to save to himself a way of escape and that thus a contract like this is unenforceable was recognized by plaintiff himself when he testified, on page 4:

"I told her the purchaser has a right to go where he wants, it is beyond my control, that is the reason why a contract of this sort is invalid."

We cannot escape the conclusion that the contract which plaintiff obtained was unenforceable and that therefore plaintiff is not entitled to his commission.

"A real estate broker does not earn his commission for procuring a sale of property by obtaining for the owner a mere executory agreement, not specifically enforceable."

Haight vs. Marrero Land & Improvement Ass'n, 12 Orleans App. 369.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and' it is affirmed at the cost of appellant.