### L. KLEIN, INC., v. ESCARRA

———

(May 27, 1929. Opinion and Decree.)

———

Rittenberg and Rittenberg, of New Orleans, attorneys for plaintiff, appellee.

Wm. W. Ogden, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff corporation is in the real estate business and brings this suit against defendant for a real estate commission in the sum of $175 and for attorney's fees in the sum of $50. The claim is based upon the failure of defendant to comply with the terms of an offer of purchase of certain real estate and his resulting obligations to pay the agent's commission, under the customary form of contract used by real estate agents in this community. The terms of the offer were "$4,375.00 cash. Homestead loan of $2,-900.00 with Homeseeker's Homestead can be assumed by Purchaser."

The defense is two-fold: First, that the "Homeseeker's Homestead Association refused to allow, recognize, or take cognizance of the assumption of this loan by defendant herein, and that, therefore, said contract is of no binding effect whatever upon defendant." Second, that "if the above terms of said contract are not construed by the court as clearly conveying the thought so expressed, but that the clause in question only intends to signify that this assumption of loan *may* be made by the purchaser, then in this event and in this contingency, the contract is null and void as containing a potestative condition."

As to the first defense, to the effect that the homestead association refused to allow the assumption of the mortgage loan of $2,900, we observe that its consent was not necessary, and that it was powerless to prevent the defendant's assumption of the mortgage. What defendant means to convey is that the homestead association refused to accept defendant's obligation in lieu of that of the mortgagor by cancelling the existing mortgage and substituting therefor another executed by defendant as owner of the property. The homestead was not obliged to do this, nor is there anything in the contract which gives the defendant the right to insist upon it. We do not follow counsel in his characterization of this suggestion as "chaotic, absurd or unbusinesslike," and we see no reason why an intending purchaser might not be willing to assume a mortgage held by a homestead as a part of the purchase price, which he obligates himself to pay for the property, even though the homestead refuses to release the former owner, his vendor.

As to the second defense, to the effect that the contract contains the potestative condition and is therefore void, (Titus vs. Cunningham et al., 7 La. App. 37, and Jacobs vs. Grasshoff, La. App. Advance Reports 32, page 68, 120 Sou. 417 (No. 3) of March 23, 1929), we believe it to be

equally unfounded. An agreement to pay cash, with the qualification that a homestead loan can or may be assumed by the purchaser, gives the purchaser the option of paying all cash, or of assuming the existing mortgage indebtedness pro tanto. There is no condition involved in such an agreement, either potestative or otherwise.

The trial court was of the opinion that the case was with plaintiff and rendered judgment as prayed for, and we are of opinion that its judgment was correct and, for the reasons herein assigned, it is affirmed.