## MAXWELL v. DEANO.*
### No. 14081.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Jose A. Morales, of New Orleans, for appellant.

Chas. J. Rivet, of New Orleans, for appellee.

JANVIER, J.

Maxwell formerly owned certain real estate on which the Eureka Homestead Society held a mortgage to secure payment of a loan made to Maxwell.

Deano purchased the property from Maxwell for the sum of $7,500, of which he paid in cash $231.77. The balance he agreed to pay by the assumption of the debt due to the homestead society.

Thereafter the payments due to the homestead society were not punctually paid and that corporation thereupon brought suit against Maxwell, via ordinaria, and obtained judgment for the full amount due, to wit, $6,026.55, with interest at 7½ per cent., together with attorney's fees and costs, all in accordance with the act of mortgage which Maxwell had executed in favor of the homestead society and the obligation of which Deano had assumed.

*Rehearing denied May 30, 1932.

In an attempt to satisfy the said judgment the judgment creditor caused to be seized the property which, however, at sheriff's sale did not produce a sufficient sum to satisfy the judgment. The deficiency was $2,386.15. After threats of further execution, Maxwell compromised the said deficiency judgment by paying to the homestead society the sum of $2,000, and it is for this amount, with interest, that he now sues Deano.

Deano contends that he is not liable because Maxwell failed to call him in warranty when the suit was brought by the homestead society and also because of the alleged failure of Maxwell to deliver to Deano, at the time of the sale, the homestead society stock said to have been issued when the loan was made to Maxwell. Deano also maintains that the homestead society refused to agree to the substitution of himself for Maxwell and that for this reason his agreement to assume the debt due to the homestead was rendered null.

■ There is nothing in the record to show that the homestead objected in any way to the assumption by Deano of Maxwell's indebtedness. On the contrary, it appears, by inference at least, that Deano sold the same property to other parties, who also, in turn, assumed the mortgage obligation, and that for some time these other parties made payments to the homestead. That the homestead society did not release Maxwell from his obligation to it is evident, but this does not mean that it in any way objected, or that it could have objected to the arrangement made between Maxwell and Deano.

With reference to a somewhat similar situation we said, in L. Klein, Inc., v. Escarra, 10 La. App. 749, 122 So. 880:

"As to the first defense, to the effect that the homestead association refused to allow the assumption of the mortgage loan of $2,900, we observe that its consent was not necessary, and that it was powerless to prevent the defendant's assumption of · the mortgage. What defendant means to convey is that the homestead association refused to accept defendant's obligation in lieu of that of the mortgagor by canceling the existing mortgage and substituting therefor another executed by defendant as owner of the property. The homestead was not obliged to do this, nor is there anything in the contract which gives the defendant the right to insist upon it."

■ The argument that Deano should be released from his obligation because Maxwell did not deliver to him the shares of loan stock subscribed for by Maxwell is evidently based on a misunderstanding of the principle on which the homestead society operates. Loan stock has no value to the borrower except as such value is created by making installment payments and as it acquires value it is immediately used to reduce the loan. In other words, when A borrows $1,000 from the homestead. A subscribes for $1,000 worth of loan stock and he pledges the stock in repayment of the loan. As he pays for his stock the pledge automatically becomes effective, and as the stock acquires value that value is transferred to the homestead in payment of the mortgage loan.

It sufficiently appears that such rights as Maxwell had in the homestead society Deano obtained and, apparently, in turn transferred to those who purchased from him because, as we have already said, it appears that these other persons made payments to the homestead which were applied to the payment of the Maxwell loan.

■ We know of no reason and we are cited no authority to the effect that Deano was entitled to be called in warranty when Maxwell was sued. Although Maxwell might have issued such a call had he desired to do so, it does not follow that he should have done so and that by his failure to issue such a call, he lost his rights to demand reimbursement from Deano.

■ It is well settled that, where a mortgage granted by one person has been assumed by another and the note holder has not agreed to release the original signer of the mortgage note, foreclosure proceedings may be brought against the original maker without any reference to him who has assumed the obligation. Rhys v. Moody, 163 La. 1039, 113 So. 367.

If Deano had any defense which he could have presented, had he been called in warranty in the suit against Maxwell, he could have offered the same defense in this suit. He did not do so, but, on the contrary, did not even testify. In fact, the various letters and copies of letters which we find in the record show plainly that Deano had no defense and that throughout the negotiations he, at no time, denied his liability.

■ The judgment below was for $2,000 with legal interest from May 4, 1931. In an answer to the appeal appellee has asked that we award damages for the taking of an appeal which he considers frivolous. While we have found it difficult to follow the argument of counsel for appellant, nevertheless we feel that the appeal was not taken merely for the purpose of delay, but that appellant and his counsel entertained a bona fide belief that, at least, some of the contentions made were well founded.

For these reasons we have concluded to affirm the judgment without the allowance of damages for frivolous appeal.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.