528 So.2d 782 (1988)
GULF FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Respondent,
v.
Lillian Eccles, Wife of/and Phil NUGENT and Frem Boustany, Defendants-Relators.
No. W88-359.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1988.
*783 Adams & Reese, T. Semmes Favrot, New Orleans, for plaintiff/respondent.
Oscar W. Boswell, II, Lafayette, for defendants-appellant.
George Scariano/John R. Keys, Jr., Metairie, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Dr. Frem Boustany (hereafter Boustany) sought a writ of certiorari and filed a devolutive appeal from the trial court's denial of his motion for a new trial. Boustany has also appealed an adverse ruling on a motion for summary judgment. (Docket Number 88-608). We originally denied Boustany's writ application, finding that he failed to allege irreparable injury and that he had an adequate remedy by appeal. The Louisiana Supreme Court, 523 So.2d 1315, granted Boustany's application for supervisory/remedial writs and stated, "The case is remanded to the Court of Appeal for expedited hearing, argument and opinion on the merits." With this opinion, we have complied with the Supreme Court's order. Because of the interconnexity of these questions, the writ and appeals have been consolidated for appellate review. A separate judgment is rendered this day in Gulf Federal Savings & Loan Association v. Lillian Eccles, et al., 528 So.2d 785 (La.App. 3rd Cir.1988).
Gulf Federal Savings & Loan Company (hereafter Gulf Federal) brought suit against Phil H. Nugent, his wife, Lillian Eccles, and Boustany, the guarantor of the Nugents' loan, seeking payment of a promissory note in the amount of $3,572,000.00, together with interest and attorney's fees. The trial court granted Gulf Federal's motion for summary judgment, and judgment was rendered against Boustany in the principal sum of $3,569,986.80, together with accrued interest of $557,184.20, late charges of $5,949.98, and attorney's fees of $75,000.
In a timely filed motion for new trial Boustany contended that his original attorney mistakenly pleaded an erroneous factual scenario, and failed to plead the proper defense to Gulf Federal's claims, i.e., that *784 he was entitled to an offset because of Gulf Federal's negligence in failing to substitute collateral.
Boustany contends that the trial court abused its discretion in denying his motion for a new trial, and that there were genuine issues of material fact which precluded the granting of Gulf Federal's motion for summary judgment.

FACTS
Boustany signed a continuing guaranty in favor of Gulf Federal for the debt of the Nugents for up to $4,000,000. The Nugents' debt to Gulf Federal was secured by a collateral mortgage on certain immovable property in New Orleans. Subsequent to the incurrence of this indebtedness, the Nugents entered into an act of exchange with the State of Louisiana, Department of Transportation and Development (hereafter DOTD) in which part of their mortgaged property was exchanged for two other parcels of immovable property. Prior to the execution of the act of exchange, Gulf Federal advised DOTD in writing that it would release its mortgage from that portion of property the Nugents were to transfer, and would substitute, in lieu of the released property, that portion of the immovable property the Nugents would receive from DOTD. After the exchange was executed, that portion of immovable property transferred to DOTD was not released from Gulf Federal's mortgage, and Gulf Federal never perfected a mortgage on the property the Nugents acquired from DOTD. Approximately one and one-half years later, the Nugents filed for bankruptcy protection, and the immovable property they received in the exchange from DOTD became subject to the claims of the Nugents' judgment creditors. Boustany argues that as a result of Gulf Federal's failure to substitute a collateral mortgage, he lost the benefit of the more valuable collateral that should have been available to satisfy the Nugent debt.

MOTION FOR NEW TRIAL
Boustany contends the trial court erred in refusing to grant him a new trial and to permit him to file an amended answer which asserted his right to an offset of any obligation he may owe to Gulf Federal. We disagree.
LSA-C.C.P. Art. 1973 provides:
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
The sole issue for determination under this assignment of error is whether, in the interest of justice, a timely application for a new trial should have been granted. Boustany contends that, on the face of the proceedings, he had a valid offset to Gulf Federal's suit which was not pleaded only due to the neglect of his original attorney.
Boustany characterized his allegations in his motion for new trial and amended answer as establishing a prima facie case of negligence by Gulf Federal in dealing with collateral, to his detriment, and that these gave rise to a claim on his part for an offset against Gulf Federal's demands against him. After thoroughly reviewing the record and briefs it is clear that although Boustany's allegations may establish a claim against Gulf Federal, and could have been raised in his original answer, they constitute damages sought in compensation against Gulf Federal's demands; they do not constitute a defense to Gulf Federal's claims.
LSA-C.C. Art. 1893 provides:
"Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation."
For compensation to apply, two distinct debts, equally liquidated and demandable, must exist contemporaneously. Hartley v. Hartley, 349 So.2d 1258 (La.1977). An unliquidated claim for damages can not be pleaded in compensation against a liquidated claim based on a promissory note. *785 Am. Bank & Tr. Co. in Monroe v. Carson Homes, 344 So.2d 456 (La.App. 2nd Cir. 1977), writ denied, 346 So.2d 221 (La.1977); Dial Real Estate, Inc. v. Isbell, 256 So.2d 133 (La.App. 3rd Cir.1971).
Even if Boustany's amended answer would have been extant at the hearing on the motion for summary judgment, the trial court's granting of summary judgment adverse to Boustany would have had no effect on his action for negligence since that claim is distinct from the undisputed issues related to Gulf Federal's main demand on the promissory note and the continuing guaranty. Therefore, we find no error in the trial court's denial of Boustany's motion for a new trial.

SUMMARY JUDGMENT
Boustany next argues that the trial court's ruling on the motion for summary judgment was erroneous because there existed genuine issues of material fact. We have carefully reviewed Boustany's arguments, and though they reveal seriously disputed facts of who was at fault in Gulf Federal's failure to obtain substituted collateral for its mortgage, no disputed facts regarding the promissory note and the guaranty agreement have been brought to our attention. Therefore, since Gulf Federal was entitled to judgment as a matter of law, we find that the trial court's granting of the motion for summary judgment was proper.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Frem F. Boustany, Jr.
AFFIRMED.
YELVERTON, J., concurs and assigns written reasons.
FORET, J., concurs for the reasons assigned by YELVERTON, J.
YELVERTON, Judge, concurring.
I agree completely with this opinion. I concur to express the following thoughts. The majority in First National Bank of Crowley v. Green Garden Processing Co., Inc., 387 So.2d 1070 (La.1980) declared that a continuing guaranty is the equivalent of a contract of suretyship. But then the court went on to construe that particular continuing guaranty as a waiver of all of the guarantor's Civil Code rights as a surety, including his right to relief if his subrogation rights were impaired. So, while there may theoretically be a continuing guaranty which is a suretyship contract, which is an accessory obligation, the obligation in Green Garden was ultimately determined to carry the effects of a principal obligation, with the obligor having none of the rights of a surety.
The continuing guaranty in the present case is practically identical to the one in Green Garden. We are bound to reach the same result. Boustany is simply a principal obligor. All the moving party had to do was prove the debt, that it was due, and that it was unpaid, and summary judgment was appropriate. Boustany's defense that he was damaged by a delict, pleaded by way of compensation, cannot be raised, we correctly find, because it is an unliquidated claim. Had he retained the rights of a surety under former La.C.C. art. 3061, this defense could have been raised.