615 So.2d 41 (1993)
PREMIER BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee,
v.
PERCOMEX, INC., and Harold Davenport, Defendants-Appellants, and
Ronald Shaw and Eduardo Candia, Defendants.
No. 92-243.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*42 Joseph C. Giglio Jr., Joseph Patrick Hebert, for Premier Bank, Nat. Ass'n.
Robert A. Lecky, for Percomex, Inc. et al.
Gregory Karl Klein, for Shaw.
Eduardo Candia, pro se.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
Premier Bank, National Association, filed suit against a borrower, Percomex, Inc., and three guarantors, Harold Davenport, Ronald Shaw, and Eduardo Candia, seeking a money judgment on two promissory notes. Premier Bank also prayed for judgment recognizing and maintaining various security interests granted by Percomex and Harold Davenport to secure repayment of the notes. Percomex, Davenport, and Shaw reconvened against Premier Bank for damages. Summary judgment on the principal demand was granted in favor of the Bank and against Percomex, Davenport, and Shaw, and the claims asserted in the reconventional demand were preserved for trial, as were the claims made by the Bank against Eduardo Candia, a nonresident defendant. Percomex and Davenport have appealed the summary judgment and we affirm.

FACTS
In 1984, Percomex borrowed approximately $1.7 million from Guaranty Bank and Trust Co. Davenport, Shaw, and Candia personally guaranteed the note, and a collateral chattel mortgage was granted in favor of the Bank on the inventory and assets of Percomex. Guaranty Bank and its successor, Premier Bank, renewed the note annually until 1989 when a new agreement was entered into by the parties. At that time, two notes were executed, one representing the principal sum due of $1,782,500.00 and the other representing accrued interest totalling $77,819.60. The notes provided that principal and interest would be payable in full 90 days from April 1, 1989. As additional security, Davenport granted a mortgage on his residence in favor of the Bank. Proceeds from a lease of Percomex's equipment were assigned to the Bank.
When Percomex and its guarantors failed to pay the amounts due on the notes, Premier Bank filed this suit in September of 1989. In their answers to the Bank's petition, Percomex and Davenport made several allegations: first, that the Bank negligently damaged the inventory of Percomex; second, that the Bank breached its implied obligation of good faith by requesting additional security from Davenport with the promise that the loans would be extended beyond the 90 day period evidenced in writing; and third, that but for the actions of the Bank, there would have been adequate security to pay the full amounts due. Percomex, Davenport, and Shaw filed a reconventional demand against the Bank, wherein they made the same allegations as were asserted in their answers.
Premier Bank filed a motion for partial summary judgment seeking only the relief requested in its petition, exclusive of attorney's fees which were subsequently waived by the Bank. The basis for the Bank's motion was that the defenses raised by the defendants were actually unliquidated tort claims, none of which had anything to do with liability on the notes at issue. In opposition to the motion for summary judgment, *43 the defendants filed affidavits by Davenport and Shaw and argued that genuine issues of material fact exist as to whether the Bank negligently damaged the collateral pledged to secure the $1.7 million note and whether the Bank orally agreed to extend the notes beyond the 90 day period. The trial court granted the relief requested by the Bank and preserved the reconventional demand and the claims against Eduardo Candia for trial or other disposition.

LAW
In American Bank v. Saxena, 553 So.2d 836 (La.1989), the Supreme Court held that summary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence. Thomas v. Bryant, 597 So.2d 1065 (La.App.2d Cir.1992).
Once the plaintiff has met his burden of proof, the burden shifts to the defendant to prove the existence of a triable issue of fact. Saxena, 553 So.2d at 846. Such proof can be established through parol evidence. Scafidi v. Johnson, 420 So.2d 1113 (La.1982); Thomas, 597 So.2d at 1068. However, the evidence must be admissible as a matter of law and must consist of specific factual details. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985) [defendant disputed the amount claimed by plaintiff, but offered no specific facts in support of his allegation]; Louisiana National Bank v. Jumonville, 563 So.2d 965 (La.App. 1st Cir. 1990) [parol evidence is not admissible to vary the terms of an instrument].
In order to defeat summary judgment, the defendant must assert a valid defense to liability on the note, not separate and distinct claims that are unrelated to the question of liability. Saxena, 553 So.2d at 844 [defendant admitted his debt to the plaintiff, but attempted to avoid liability by seeking tort damages from the plaintiff]; Gulf Federal Savings and Loan Association v. Nugent, 528 So.2d 782 (La. App. 3d Cir.1988), writ denied, 533 So.2d 19 (La.1988) [factual dispute existed concerning substitution of collateral, but there was no dispute regarding the note and guaranty]. Both the Saxena and Nugent courts granted summary judgment and held that a defendant cannot plead, as a defense, unliquidated claims for damages as compensation or setoff against a liquidated amount due on a promissory note.
By contrast, in both Malcombe v. LeBlanc, 539 So.2d 665 (La.App. 3d Cir.1989), and Ouachita National Bank v. Gulf States Land and Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991), summary judgment in favor of the holder of a promissory note was defeated because the debtor asserted a viable defense to liability on the note. In Malcombe, the debtor offered the deposition testimony of the creditor to prove an agreement that monthly payments could be made on the note, which evidence created an issue of fact as to whether the debtor was in default or whether the note was due at the time alleged. In Ouachita National Bank, the defendant's allegation that the plaintiff breached an overall agreement, of which the notes were only a part, raised a genuine issue of material fact as to the question of liability on the note itself. Similarly, in Commercial National Bank in Shreveport v. Pipe Sales of Shreveport, Inc., 600 So.2d 130 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1006 (La.1992), the court reversed summary judgment in favor of the creditor because the defendant, a guarantor, raised an issue of fact as to whether the debt was legitimately contracted. See also Scafidi, supra.

ANALYSIS
In the instant case, the defendants have not denied their signatures on the notes sued upon by the plaintiff. They have not denied that the loans were made and the money received, nor that they pledged collateral to secure the debts. As *44 noted by the Saxena court, "[w]hen signatures are admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense. R.S. 10:3-307(2)." 553 So.2d at 842.
We reject as a valid defense the defendants' claim that Premier Bank negligently damaged the inventory of Percomex which was subject to a collateral chattel mortgage to secure the debt at issue. First, defendants pled no specific facts in support of this claim. Equipment, Inc., supra. Second, damage for the failure to secure collateral is an unliquidated claim which cannot be pled as compensation or setoff against a liquidated sum on a promissory note. Nugent, supra.
We also reject as a valid defense the defendants' assertion, via affidavit, that Premier Bank orally agreed to extend the notes beyond the clear and specific 90 day period evidenced in the notes. Again, defendants pled no specific facts in support of this allegation such as the terms, conditions, or date of such agreement. Equipment, Inc., supra. The debtors offered only their own affidavits which consisted of unsubstantiated, nonspecific parol evidence that the notes would be renewed indefinitely. Second, the parol evidence offered by the defendants is not admissible to prove a variance with the terms of an instrument. Jumonville, supra; Thomas, supra. Accordingly, the allegation of an oral agreement to extend the due date of the notes does not fulfill the burden of proof requirement articulated by the Supreme Court in Saxena, supra.
Finally, we also reject the defendants' argument that Davenport was wrongfully induced to mortgage his home as security for the notes by the Bank's oral promise to extend the due date beyond 90 days. Even assuming that such an oral promise did take place, the defendants' claim is a contested, unliquidated debt not presently due and cannot be pled as compensation for the sums due on the notes. Nugent, supra.
The defendants herein have not asserted any defenses to liability on the notes and have thereby failed to raise a genuine issue of material fact sufficient to defeat summary judgment. The claims asserted by the defendants are separate, unliquidated claims which are not related to the question of liability. These claims have been preserved for trial and will be considered and resolved at that time.
The allegations and evidence presented herein by Percomex and Davenport are not comparable to that offered by the debtors in Scafidi, Malcombe, Pipe Sales, and Ouachita National Bank. In those cases, the debtors defeated summary judgment by presenting proof of a question of fact as to whether liability on a note existed. No such proof was presented in the case before us, and accordingly, we find the trial judge properly granted partial summary judgment in favor of the Bank.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Percomex, Inc. and Harold Davenport.
AFFIRMED.