IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31125

Summary Calendar

_____

BANKERS TRUST COMPANY OF CALIFORNIA, NA, as trustee

Plaintiff - Appellee

v.

EARL M J BOYDELL, JR; DEONNE DUBARRY

Defendants - Appellants

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3403-F

_____

July 29, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants, Earl M.J. Boydell, Jr. and Deonne DuBarry, appeal the district court's grant of summary judgment in favor of Plaintiff-Appellee, Bankers Trust Company of California ("Bankers Trust"), on Bankers Trust's action to enforce Boydell

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and DuBarry's payment obligations under a promissory note and to obtain a declaration of Bankers Trust's rights under two agreements created to secure repayment on that promissory note. For the following reasons, we AFFIRM the district court's order granting summary judgment in favor of Bankers Trust.

## I. BACKGROUND

This diversity case is based on a set of three agreements executed by Boydell and DuBarry in 1984 to obtain a $280,000 loan from Pelican Homestead Savings and Association ("Pelican"): (1) a promissory note (the "Note") executed in favor of Pelican and paraphed <u>ne varietur</u> (i.e., notarized in identification with) an act of mortgage securing the payment obligations under the Note, (2) the act of mortgage (the "Mortgage"), which secured the Note by encumbering certain property located Orleans Parish, Louisiana (the "Orleans Parish property"), and (3) an assignment of the leases and rents from the Orleans Parish property "made and delivered as additional security for the payment of the Note" (the "Assignment").  Pelican subsequently declared bankruptcy, and on November 17, 1992, Pelican's receiver, the Resolution Trust Corporation, endorsed the Note and assigned the Mortgage to Bank of America National Trust and Savings Association ("Bank of America") as trustee for the benefit of the investors in a Resolution Trust Corporation loan pool.  Bankers Trust succeeded Bank of America as trustee.

2

On May 1, 2000, Boydell and DuBarry defaulted on their payment obligations under the Note and Mortgage. After making two unsuccessful amicable demands for payment, the second of which included a notice of acceleration, Bankers Trust filed suit in the district court on November 15, 2000, asserting that, as holder of the Note, Bankers Trust was entitled to collect the full amount of Boydell and DuBarry's payment obligations under the Note and Mortgage because of their continued default.[1] In addition to seeking judgment against Boydell and Dubarry (individually and in solido) for the amounts owing under the Note, Bankers Trust requested that it be declared (1) "the holder of a valid and sustaining first lien, privilege and mortgage" on the Orleans Parish property and (2) "the assignee and owner of the leases, rents, and future leases received or derived from the [Orleans Parish property]."

In support of its claim, Bankers Trust submitted copies of the Note, the Mortgage, and the Assignment, as well as documentation of Bankers Trust's status as holder of the Note and Mortgage and of its entitlement to the leases and rents from the Orleans Parish property under the Assignment. Boydell responded to Bankers Trust's complaint with general denials and an allegation that he was improperly charged late fees that were

---

[1] In its first amended complaint, filed on March 20, 2001, Bankers Trust named Earl M.J. Boydell, Jr. as DuBarry's co-defendant instead of Earl M.J. Boydell.

never credited in the loan payment record.  DuBarry, who filed a separate answer to the complaint, maintained that Bankers Trust was not entitled to judgment against her for payment on the Note because she sold her interest in the Orleans Parish property to Boydell.

On August 16, 2001, Bankers Trust filed a motion for summary judgment.  In addition to the documents submitted with its complaint, Bankers Trust produced copies of the two demand letters mailed to Boydell and DuBarry, the loan payment record, a Louisiana mortgage certificate indicating that the Mortgage was a validly recorded first lien and encumbrance on the Orleans Parish property, and affidavits supporting Bankers Trust's assertions that it was holder of the Note and Mortgage and that Boydell and DuBarry had defaulted on their payment obligations.  In response, Boydell reiterated his general denials of Bankers Trust's allegations and submitted a copy of the loan payment record and copies of two checks for payments that he alleged were never credited to his loan account.  On the day before the hearing on Bankers Trust's summary judgment motion, Boydell also submitted his own affidavit claiming that the signature of his name on the Note was not genuine.  DuBarry did not file a response to Bankers Trust's summary judgment motion.

Finding that neither Boydell nor DuBarry had submitted evidence creating a genuine issue of material fact as to the genuineness of the Note, the district court concluded that

4

Bankers Trust was entitled to judgment as a matter of law. Boydell and DuBarry timely appealed the district court's grant of summary judgment in favor of Bankers Trust.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same Rule 56 standard as the district court. Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party," Evans v. City of Bishop, 238 F.3d 586, 589 (5th Cir. 2000).

If the moving party shows that there is no genuine issue of material fact, then the burden shifts to the nonmoving party, who "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading," but rather "must set forth specific facts showing that there is a genuine issue for trial."

5

FED. R. CIV. P. 56(e).  After the nonmoving party has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for that party, summary judgment is proper.  See Anderson, 477 U.S. at 252.

### III. ENFORCEMENT OF THE PROMISSORY NOTE

Under Louisiana law, "[w]hen signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."  Am. Bank v. Saxena, 553 So. 2d 836, 842 (La. 1989); see also LA. REV. STAT. ANN. §§ 10:3-301, 10:3-308(b) (West 1993).  In light of this clear-cut and simple legal scheme, this court has recognized that "[s]uits to enforce promissory notes are especially appropriate for disposition by summary judgment."  Resolution Trust Corp. v. Marshall, 939 F.2d 274, 276 (5th Cir. 1991).

In support of its summary judgment motion, Bankers Trust produced a copy of the Note bearing Boydell's and DuBarry's signatures as well as documents and affidavits showing that Bankers Trust is the holder of the Note and that Boydell and DuBarry defaulted on their payment obligations.  Louisiana law provides that "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."  LA. REV. STAT. ANN. § 10:3-308(a).  Accordingly, as

6

neither Boydell nor DuBarry denied the authenticity of their signatures on the Note in their answers to Bankers Trust's complaint, the authenticity of their signatures is admitted.[2] Bankers Trust has thus satisfied its summary judgment burden with the documents it produced, and the burden shifts to Boydell and DuBarry to establish the existence of a genuine issue of material fact precluding summary judgment. See Premier Bank, Nat'l Ass'n v. Percomex, Inc., 92-243 (La. App. 3 Cir. 3/3/93), 615 So. 2d 41, 43 ("Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence.").

DuBarry did not submit a response to Bankers Trust's summary judgment motion. In her answer to the complaint, she either generally denied "due to lack of information" or admitted all of Bankers Trust's allegations. Thus, DuBarry did not specifically contest the authenticity of her signature on the Note, the status of Bankers Trust as the holder of the Note, or the fact that the

---

[2] On the day before a hearing on Bankers Trust's summary judgment motion was scheduled to take place, Boydell filed an affidavit with the district court in which he suggested that the signature of his name on the Note was inauthentic. Although this claim is material to Bankers Trust's action to enforce the Note, we agree with the district court that Boydell's challenge to the authenticity of the signature is not sufficient to raise a genuine factual issue, given that he made payments on the Note for several years before the default and did not question the genuineness of the signature until almost ten months after Bankers Trust initiated the instant action.

Note was in default.  The only specific fact that she asserted ——
that she sold her interest in the Orleans Parish property to
Boydell —— is immaterial to Bankers Trust's action to enforce the
Note.[3]  A transfer of DuBarry's interest in the property securing
her payment obligations under the Note does not relieve her of
those obligations.  See Solomon v. Copping, 112 So. 2d 749, 751
(La. Ct. App. 1959) ("[T]he assumption [of a mortgage obligation]
by the new purchaser [of the mortgaged property] in no way
relieves the original mortgagor of the mortgage obligation.").

In his response to Bankers Trust's summary judgment motion,
Boydell argued that he was improperly charged late fees and that
he made two payments that were never credited to his account.
Neither of these claims affect Bankers Trust's entitlement to
collect on the Note, as Boydell did not assert in his summary
judgment response that he would not have been in default of his
loan obligations if the late fees had not been charged or if the
two payments had been credited.  Read liberally, Boydell's and
DuBarry's briefs on appeal (which are essentially the same
document) suggest that the allegedly improper late fees and
uncredited payments had some sort of causal connection to the
default.  Boydell and DuBarry claim that they "have a right to a
trial on the merits in order to prove that [Bankers Trust] was,
and is, the factor which has caused the mortgage account . . . to

---

[3]  As the district court pointed out, DuBarry did not
produce any documentation in support of this claim.

reflect an incorrect balance, excessive late fees . . . and numerous other bookkeeping and legal errors." However, Boydell and DuBarry cannot defeat summary judgment with such conclusory assertions. The only evidence that Boydell submitted to the district court —— i.e., copies of the two checks for the allegedly uncredited payments and a copy of the payment record —— actually undermines his claim that the payments were not credited to the loan account because, as the district court noted, the payment record reflects both payments. Nor are we persuaded by Boydell and DuBarry's contention that they would have been able to demonstrate the inaccuracy of their loan payment record if they had "been given an opportunity to complete discovery and to have an accountant review the [record]." While summary judgment is not appropriate unless the nonmoving party has been provided adequate time for discovery, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the nonmoving party "must file a motion and non-evidentiary affidavits pursuant to [Rule] 56(f), explaining why it cannot oppose the summary judgment motion on the merits," in order "[t]o preserve a complaint of inadequate opportunity to conduct discovery," Robbins v. Amoco Prod. Co., 952 F.2d 901, 907 (5th Cir. 1992). Because Boydell and Dubarry did not file any such motion in the district court, reversal is warranted only if they demonstrate that their substantial rights were affected as a result of the allegedly inadequate discovery. See FED. R. CIV. P. 61. In their briefs to this court, they do not even attempt to

9

justify their failure to engage in <u>any</u> discovery during the ten months between Bankers Trust's filing of its complaint and the district court's granting of summary judgment. Boydell and DuBarry are not entitled to reversal based on their conclusory assertion that they were not permitted sufficient time for discovery in the district court. <u>See</u> <u>Robbins</u>, 952 F.2d at 907.

Because Boydell and DuBarry rested on general denials and unsupported, largely immaterial assertions, the district court correctly determined that there was no genuine issue of material fact precluding summary judgment in favor of Bankers Trust on its claim to enforce the Note.[4]

## IV. DECLARATION OF RIGHTS UNDER THE MORTGAGE AND THE ASSIGNMENT OF LEASES AND RENTS

Under Louisiana law, "[a]n authentic act [of mortgage] constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title." LA. CIV. CODE ANN. art. 1835 (West 1987). Bankers Trust produced copies of both the Mortgage and the

---

[4] In his response to Bankers Trust's summary judgment motion, Boydell also suggested that the transfer of the Note and the Mortgage was somehow improper. Specifically, he asserted that he "ha[d] absolutely no evidence of any type proving that a proper transference of the balance of the mortgage was accurately performed." However, given that Bankers Trust did produce such evidence –– specifically, documentation of the transfer through which it obtained the Note and Mortgage and supporting affidavits –– Boydell was required to produce some type of evidence indicating that the transfer was improper in order to create a genuine factual issue sufficient to preclude summary judgment. Boydell failed to produce any such evidence.

10

Assignment and a supporting affidavit attesting that they were true copies of the original documents. As noted above, Bankers Trust also produced documentation establishing that it is the holder of the Mortgage, that the Mortgage is a validly recorded first lien and encumbrance on the Orleans Parish property, and that Bankers Trust is entitled under the Assignment to the leases, rents, and future leases derived from the Orleans Parish property. Neither Boydell nor DuBarry presented more than general denials in response to Bankers Trust's claims that it is the valid holder of the Mortgage as a validly recorded first lien and encumbrance on the Orleans Parish property and that it is the owner of the leases, rents, and future leases of the Orleans Parish property under the Assignment. Accordingly, the district also correctly determined that Bankers Trust is entitled to summary judgment on its claims for declaratory relief regarding its rights under the Mortgage and Assignment.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment in favor of Bankers Trust.