504 So.2d 1102 (1987)
Arnold Jack ROSENTHAL
v.
George T. OUBRE and Brenda Oubre.
No. 86-C-212.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1103 Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Anthony P. Dunbar, New Orleans, for plaintiff-appellee.
Anatole J. Plaisance, Baton Rouge, for defendants-appellants.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is a suit to enforce a note or collect contribution from a co-maker. The defendant appeals summary judgment in favor of the plaintiff and denial of his motion for new trial.
On October 14, 1983 the plaintiff, Arnold Jack Rosenthal, and defendant, George T. Oubre, executed a promissory note payable to the Louisiana National Bank of Baton Rouge for $50,000, due on April 11, 1984. Neither party made payments on the note, resulting in a suit by the bank against the makers to collect on the note. On July 23, 1984 Rosenthal purchased the note for $54,495.21, paying partly in cash and partly by a note payable to the bank. The bank specifically transferred all rights to Rosenthal and granted "full acquittance and discharge therefor."
On August 22, 1984 Rosenthal filed suit against Oubre and his wife, Brenda, alleging that Oubre was a solidary obligor on the note, that the note was a community debt, and seeking to enforce the note for the full amount of $50,000 plus contractual interest and attorney's fees. Oubre answered and reconvened, alleging set-off on grounds that Rosenthal owed him for his share of income from a law partnership existing in 1983. Over the next six months numerous additional pleadings were filed by both sides. Also during this period, because service had not been effected on Brenda Oubre, the court appointed a special service officer who served her at a ball in Washington D.C. Very soon thereafter, the court appointed a curator ad hoc to accept service and defend her. Mrs. Oubre's exception to service and to the jurisdiction of the court was heard and denied on May 13, 1985, the court ruling that proper service had been made either upon her by the special service officer or upon the curator ad hoc.
*1104 On November 26, 1985, Rosenthal moved for summary judgment, which was set for trial on December 11. On December 10, Oubre asked leave to file an amended answer and reconventional demand and a third party demand. The amendment applied not to the allegations in the answer but to the reconventional demand. Vis-a-vis the law partnership, Oubre changed his position from that of a partner who was to share the profits to that of salaried associate of a partnership of Rosenthal and two other attorneys. Again he alleged he had never been paid. The third party demand made identical allegations against the two attorneys, John B. Levy and Lawrence Lenz.
The judge reset the trial of the motion for summary judgment and ordered that the request for permission to amend and a motion by the plaintiff to sever the principal and incidental demands be heard at the same time. On January 21, 1986 the court granted summary judgment in favor of Rosenthal and against George and Brenda Oubre for $25,000 plus interest from date of demand and costs. No disposition was made of the other motions before the court. On March 24, 1986, the court denied the defendant's motion for new trial and decreed that the judgment of January 21 "is the final judgment of this court except insofar as it holds Brenda Oubre liable, which portion is vacated...." This appeal followed.[1]
The primary issue before this court is whether summary judgment was proper in this case. The appellant also asks: whether the court should allow him to file his amended answer, reconventional demand, and third party demand; whether the judge should have denied a new trial and at the same time amended the summary judgment on his own motion; and whether Brenda Oubre's exception to the jurisdiction of the court should have been overruled.[2]

SUMMARY JUDGMENT
It is well settled that summary judgment is appropriate only when it is clear that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden is on the moving party to present evidence sufficient to resolve all material facts. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).
The appellant's first argument, that Rosenthal was not a holder in due course but a holder or assignee, is not contested as Rosenthal at no point alleged any position other than holder. He purchased the note after its due date and acquired the rights of the bank, as set out in a notarial act. In his memorandum in support of summary judgment Rosenthal sought one-half rather than the full amount of the note under three alternate positions: as holder of a negotiable instrument under LSA-R.S. 10:3-307(2),[3] or as purchaser of the litigious rights owned by Louisiana National Bank, or as a co-debtor in solido who bought the note. To be entitled to summary judgment Rosenthal must satisfy the court that there is no question of material fact regarding the defenses alleged by Oubre.
Under LSA-R.S. 10:3-306 a holder other than a holder in due course takes a negotiable instrument subject to all valid claims and all defenses that would be available in an action on a simple contract. Between parties to an instrument parol evidence is admissible regarding an allegation of fraud or failure of consideration, to explain an ambiguity, or to show that the writing is part of an entire oral contract between the parties. Scafidi v. Johnson, 420 So.2d 1113 (La.1982).
*1105 In his answer the appellant did not deny signing the note and stated that "said note, its provisions, conditions and limitations are being pled and incorporated herein as if reproduced in extenso." The reconventional demand raised the defense of set-off or compensation, as it is called in the Civil Code. Oubre alleged that he and Rosenthal were in partnership with two other attorneys and that Rosenthal failed to pay him or account for his pro-rata share of the partnership income; further, the amount owed to him was at least as great as the amount Rosenthal sought. At the time the note was executed, LSA-C.C. art. 2209, repealed by Acts 1984, No. 331, Sec. 1, read as follows:
Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.
The new article 1893 incorporates the same provisions and does not change the law. The burden of proof of compensation is upon the proponent. Coburn v. Commercial National Bank, 453 So.2d 597 (La. App. 2nd Cir.1984).
In CDT, Inc. v. Greener and Sumner Architects, 453 So.2d 1252 (La.App. 3rd Cir.1984), the court granted the plaintiff summary judgment in a similar suit. The defendant's only defense was set-off of funds that were the subject of a pending suit by the defendant against the plaintiff. The court held that the debts were not "equally liquidated and demandable." In Hughes Realty Company v. Pfister, 245 So.2d 757 (La.App. 4th Cir.1971), the case was remanded to allow the plaintiff to introduce proof that the debt supporting his plea of compensation was an equally liquidated obligation. Rosenthal denies that Oubre was a partner or that he owed him for legal services. He argues that any claims against the partnership were unrelated to the note and were not at issue in the summary judgment. The law of compensation requires a mutuality of obligors. As explained in U.S. Fidelity & Guar. v. South. Excavation, 480 So.2d 920 (La.App. 2nd Cir.1985), writs denied, 481 So.2d 1337, 1339 (La.1986), at 924:
... This contemplates a close personal debtor-creditor relationship, i.e., that the creditor of one of the obligations be the personal and principal debtor of the other obligation and vice versa. See: 4 Aubry et Rau, Cours de Droit Civil Francais, No. 326 (6th Ed.1946).
As the relationship between Rosenthal and Oubre, if Oubre's allegations were proven, would fulfill the requirement of mutuality, his claims would constitute a defense whether directly related to the note or not.
A second defense was raised in Oubre's affidavit in opposition to summary judgment: that the note was part of an oral agreement and not executed for the benefit of Oubre but of Rosenthal and John B. Levy. The note was understood by the parties to be an obligation of Continental Key Life Insurance Company, Inc., of which Rosenthal was president and principal stockholder. As noted above, parol evidence is admissible to prove that the writing was part of an oral agreement: Scafidi v. Johnson, supra. In brief Rosenthal points out that the allegation had not been made in previous pleadings and contradicts the terms of the note itself as well Oubre's answer. Rosenthal's petition alleges:
3.
Plaintiff and defendant, George T. Oubre, executed a note, which note was dated October 14, 1983. The holder of said note was Louisiana National Bank. The note bore interest at the rate of the Louisiana National Bank "prime rate" plus one percent per annum from the date of execution until paid in full. The note provided, that beginning one year after the contractual maturity date the interest rates shall not exceed eighteen percent per annum thereafter. The note also provided for attorneys' fees of twenty-five percent of the principal and interest due and owing if an attorney is employed to enforce collection of said note.
Oubre's answer reads as follows:
3.
The allegations of paragraph three (3) of plaintiff's petition are either proven or *1106 disproven by the terms of the alleged promissory note, said note, its provisions, conditions and limitations are being pled and incorporated herein as it reproduced in extenso. However, for lack of information to justify a belief, respondent neither admits nor denies the present existence of the note.
Oubre had not at any time denied the existence of the note or his signature.[4] He denied being obligated to Rosenthal and had the right to raise whatever defenses were available to him, including the one set out in his opposition to summary judgment.
In brief the appellee argues that even if he were found not to be entitled to judgment on the basis of negotiable instrument law, he is entitled to judgment on the basis of contribution. Repealed LSA-C.C. art. 2104, now incorporated into article 1804, provides that a solidary obligor who pays the whole debt is entitled to claim the virile share of his codebtor. The appellee refers us to T.P.M.P.T. Emp. Credit Union v. Charpentier, 376 So.2d 592 (La.App. 4th Cir.1979). In that case the court found the defendant solidarily liable for the entire balance of the debt, although she argued that the debt was a joint one for which she was liable only for her virile share. As her codebtor was not before the court, the facts are not like ours. However, we note that that judgment was rendered after trial of the merits and the defense of set-off was heard by the trial court.
In the case of Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir.1979) the court reversed a summary judgment in favor of the holder of a note and remanded to allow the defendant to produce parol evidence to prove his defense. We find that there is a question of material fact as to whether the defendant here has a defense, and he should be allowed to attempt to prove it. For that reason summary judgment is inappropriate and we reverse.
Having found that a trial of the merits is necessary to resolve the dispute in this case, we pretermit consideration of the remaining issues raised by the appellant, except for that concerning the amendment of judgment.
In the judgment denying a new trial the court of its own motion amended the summary judgment to vacate the portion which held Brenda Oubre liable, as she had not signed the note. While the issue is moot in light of our reversal of summary judgment, we hold that the court was in error in amending a final judgment as to substance on its own motion. La.C.C.P. art. 1951.
Accordingly, for the reasons stated above we reverse, vacating both judgments appealed from, and remand for further proceedings in accordance with our findings.
REVERSED, VACATED, AND REMANDED.
NOTES
[1] This appeal was filed by the defendant originally as an application for writs to this court on March 27, 1986, seeking review and annulment of the January 21 and March 24 judgments. This court on April 10 ordered a stay in the proceedings, which was followed by an order to set the case for hearing on the regular docket.
[2] The judgment overruling the exception was rendered on May 13, 1985 and was not appealed. Consequently it is final and cannot be considered now.
[3] LSA-R.S. 10:3-307(2) reads as follows:

(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.
[4] The note reads in pertinent part:

For value received, we, the makers, endorsers, guarantors, sureties, and all other parties hereto, and each of us, in solido, promise to pay and guarantee payment to the order of....
The signatures are those of George T. Oubre and Arnold Jack Rosenthal. No capacity other than that of individual is designated.