CARTER, Judge.
This is an appeal from the judgment of the trial court in favor of First National Bank of Commerce (Bank) and against defendant Kim Dufrene d/b/a Dufrene Super Market (Dufrene) awarding the Bank $3,100.00 and denying set-off and/or compensation.
FACTS
The Louisiana Grocers’ Co-Operative, Inc. (Co-op) was a cooperative of grocery stores organized as a Louisiana corporation. Its purpose was to purchase items in volume for resale to its various members. There were two primary sources of financing, i.e., “members’ buying deposit” and loans by the Bank. The Co-op owed the Bank several million dollars in loans, which were secured by an assignment of accounts receivable and a mortgage affecting the inventory of the Co-op. The Co-op subsequently filed for relief under Chapter 11 of the United States Bankruptcy Code, and the United States Bankruptcy Court authorized the Bank to collect the accounts receivable due the Co-op.
Defendant was a member-stockholder in the Co-op and had a balance in the “members’ buying deposit,” as defined by the bylaws, in the amount of $9,954.00. Du-frene was also indebted to the Co-op for $3,100.00 in receivables. Dufrene did not give notice of withdrawal from membership in the Co-op, in accordance with the bylaws, until after his receipt of the notification of the assignment of his account to the Bank by the Co-op.
Thereafter, the Bank filed suit against Dufrene for the $6,387.63 in receivables owed to the Co-op. After trial, the trial judge rendered judgment in favor of the Bank and against Dufrene for $3,100.00, but denied the Bank’s claim for attorney’s fees. From this adverse judgment, Du-frene appeals.
ISSUE
The primary issue raised is whether Du-frene is entitled to the legal defense of compensation or set-off. Dufrene reasons that any indebtedness to the Co-op should be set-off against the funds in Dufrene’s “members’ buying deposit,” which was stipulated to have been $9,954.00 as of the date Dufrene received notice of the assignment of accounts receivable from the Bank.
DISCUSSION
The trial court found as follows, and we agree that:
This matter involves the claim of First National Bank of Commerce to collect the indebtedness of Kim Dufrene, doing business as Dufrene’s Supermarket, due to Louisiana Grocers Cooperative, Incorporated. The facts have been stipulated to and filed as a joint exhibit by both the plaintiff and defendant. No witnesses were presented to the Court due to the stipulations. The Court has considered the arguments of counsel and the brief submitted by plaintiff’s attorney. The Court notes for the record that defendant’s attorney did not submit a pre-trial memorandum as ordered by the Court.
The parties argue Article 1893 of the Civil Code which states in pertinent part that compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due. The key language in that Article seems to be “liquidated and presently due.”
In this case there’s no question that Mr. Kim Dufrene was a member of Louisiana Grocer’s Cooperative, Incorporated and that he had established a buying deposit account with the corporation which amounted to $9,954. The Court does not feel that that account is a “liquidated and presently due” account since *300 the bylaws set forth certain prerequisites before a member can withdraw that money. Furthermore, Article 1894 of the Civil Code states in pertinent part that compensation does not take place, however, if one of the obligations is to return a thing given in deposit or loan for use.
In this case there seems to be no question in this Court’s mind that the members’ buying deposit is exactly what it says it is and that’s a deposit, or, as counsel for the defendant argues, a loan for use. In either case, it’s covered by Article 1894 of the Civil Code (it seems to this Court) and therefore, compensation does not take place by operation of law.
In light of this Court’s oral reasons and the reasons set forth in the plaintiff’s pre-trial memoranda, the Court will render a judgment in this matter in favor of First National Bank of Commerce against Kim Dufrene, doing business as Dufrene’s Supermarket, in the sum of $3,100. Since the plaintiff has offered no evidence in compliance with Revised Statute Title 9, Section 2781 relative to attorney’s fees, the Court will deny the prayer for attorney’s fees and award legal interest from date of judicial demand until paid and order defendant to pay all costs of these proceedings.
From the above, it is clear that the financial purpose of the “members’ buying deposit” was to provide operating capital for the Co-op and not to pay receivables due the Co-op from its members. The “members’ buying deposit” represented part of the “members’ equity” in the corporation (along with Class A and Class B stock, patronage dividends, and retained earnings) rather than a current liability or a short term debt. Since the “members’ buying deposit” was an equity of the Co-op and not a current liability of the corporation, compensation and/or set-off are not available to Dufrene.
We further note that the burden of proof is upon Dufrene to establish by a preponderance of the evidence his right to set-off or compensation. See Coburn v. Commercial National Bank, 453 So.2d 597 (La.App. 2nd Cir.1984), writ denied, 457 So.2d 681 (La.1984).
LSA-C.C. art. 1893 provides as follows:[2]
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.
In the instant case, at the time of the notice, the “members’ buying deposit” did not constitute an equally demandable debt of the Co-op, and compensation was not available. See Beninate v. Licata, 473 So. 2d 94 (La.App. 5th Cir.1985), writ denied, 477 So.2d 1124 (La.1985). Dufrene had not withdrawn from the Co-op at the time of his receipt of notice of the assignment to the Bank. According to Article 4.4.2 of the bylaws, Dufrene was not entitled to receive any funds from the “members’ buying deposit” until he withdrew from the Co-op. Therefore, the debt was not liquidated and presently due at the time of the assignment.
Therefore, compensation and/or set-off were not available to Dufrene for three reasons: the “members’ buying deposit” was not liquidated and presently due since the bylaws provided certain prerequisites before a member could withdraw the money; secondly, the “members’ buying deposit” represented an equity contribution of the respective members of the Co-op; and compensation is precluded under LSA-C.C. art. 1894[3] in that the “members’ buying deposit” was a deposit or loan for use.
*301 For the above reasons, the judgment of the trial court is affirmed at Dufrene’s costs.
AFFIRMED.

. See also LSA-C.C. art. 1900 which deals with an assignment of an obligation and provides that tin “obligor who has been given notice of an assignment to which he did not consent may not claim compensation against the assignee for an obligation of the assignor arising after that notice.”

. LSA-C.C. art. 1894 provides as follows:
Compensation takes place regardless of the sources pf the obligations.
*301 Compensation does not take place, however, if one of the obligations is to return a thing of which the owner has been unjustly dispossessed, or is to return a thing given in deposit or loan for use, or if the object of one of the obligations is exempt from seizure.