612 So.2d 875 (1993)
A CONFIDENTIAL LIMOUSINE SERVICE, INC.
v.
LONDON LIVERY, LTD.
No. 92-CA-0121.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1993.
Writ Denied March 26, 1993.
*876 David Greenberg, Greenberg & Dallam, Gretna, for defendant/appellant.
Harry J. Boyer, Jr., Barker & Boyer, New Orleans, for plaintiff/appellee.
Before LOBRANO, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
This case involves a suit on an open account.
Plaintiff, A Confidential Limousine Service, Inc. ("A Confidential") filed suit against London Livery, Ltd. ("London Livery") for money due for certain limousine services rendered on an open account. The petition asked for $13,565. The record reflects that London Livery had contracted with A Confidential to provide limousine services to it in January 1990. A Confidential alleged that London Livery refused to pay for these services after amicable demand.
London Livery answered the petition pleading defenses of failure and/or want of consideration and setoff. It also filed a reconventional demand against A Confidential raising factual allegations under the Louisiana Unfair Trade Practices Act, LSA-R.S. 51:1401, et seq, and the Uniform Trade Secrets Act, LSA-R.S. 51:1431, et seq. The reconventional demand claimed that one of its former dispatchers, Carl Bennett, began working part-time for A Confidential in January of 1990, while he was still in London Livery's employ. London Livery alleged that Bennett developed a personal relationship with a partner/principal of A Confidential, Jamie Obermyer, and Bennett betrayed his employee/employer relationship with London Livery by revealing its trade secrets and diverting its business to A Confidential. Hence, London Livery claims that, due to A Confidential's actions, it suffered damages including loss of clients/business and theft of proprietary information. In response, A Confidential *877 filed an exception of no cause of action which was overruled by the trial court.
After various discoveries took place, A Confidential filed a motion for summary judgment contending that based upon its original petition[1], its attached documents and the sworn affidavit of its owner, Jamie Obermeyer, no genuine issue of material fact existed and it was entitled to summary judgment on the open account as a matter of law. LSA-C.C.P. arts. 966, 967. A Confidential contended that London Livery had not contested that services were rendered and its claims are for unliquidated damages and/or do not constitute a defense to a liquidated claim. In support of its argument A Confidential cited Gulf Fed. Sav. and Loan Ass'n v. Nugent, 528 So.2d 782 (La.App. 3d Cir.1988), writ den., 533 So.2d 19 (La.1988), for the position that London Livery is not entitled to set off and/or compensation since it does not occur when two debts are not equally liquidated and contemporaneously demandable.
In its opposition to the motion, London Livery argued that A Confidential was not legally entitled to summary judgment since it was contesting the correctness of the quantum of the debt and did not admit it. London Livery contended that the affidavit of Alan B. Fisher, its president, contains an analysis of A Confidential's invoices, and reveals billing errors totalling $1,410. On those grounds, it claimed the debt was not liquidated.
After a hearing, the trial court granted partial summary judgment in favor of A Confidential in the amount of $10,835 plus legal interest from date of judicial demand. London Livery appeals.
In its first assignment of error, London Livery contends that the trial court erred in granting summary judgment in light of the serious billing discrepancies and A Confidential's failure to produce the original trip sheets in accordance with its discovery requests. According to the affidavit of Alan B. Fisher, President of London Livery, a "trip sheet" is the actual document filled out by the chauffeur documenting the service rendered at the time the service is being rendered. It allegedly shows the vehicle's mileage in and out, as well as other information pertinent to client billing.
However, London Livery contends it "was able to substantiate gross overbillings" from the documents produced by A Confidential. It discovered these discrepancies notwithstanding the limited information A Confidential provided it. London Livery argues that if the actual trip sheets had been timely provided, the additional discrepancies would have been discovered. As this discovery remains outstanding, London Livery urges this court to reverse the summary judgment.
A Confidential argues that if trip sheets are in fact an industry standard then London Livery should have its own trip sheets for the dispatched vehicles and should not require A Confidential's to determine whether it is being charged for services that were not rendered. Moreover, it asserts London Livery is not entitled to view its actual trip sheets because the only information remaining which has not previously been produced are trade secrets and privileged information. Additionally, A Confidential denies that the trial court found it overbilled London Livery $1,410. Instead, it contends the trial court granted summary judgment for the portion of the debt which was unequivocally liquidated. It claims London Livery mischaracterizes the $1,410 differential as an overbilling. Rather, the differential represents the parties' contractual dispute over the interpretation of the term "daily rental rate." A Confidential asserts that London Livery's arguments are spurious; intended purely as a tactic to delay payment to "`break' a smaller competitor."
The record reveals that during discovery, London Livery filed interrogatories and a request for production of documents. It subsequently motioned to compel A Confidential to comply with the discovery requests. London Livery also issued a subpoena duces tecum to A Confidential, which included requests for all trip sheets and *878 invoices relative to services rendered for London Livery. A Confidential filed a motion for Protective Order requesting the trial court quash the subpoena duces tecum and issue a Protective Order because much of the requested information pertains to trade secrets, confidential research and/or commercial information.
The trial court's disposition of A Confidential's Motion for Protective Order and/or London Livery's Motion to Compel are not in the record. London Livery, nevertheless, claims an agreement was reached between the parties "wherein it was agreed that the original trip sheets would be produced verifying what work was done by A Confidential. A Confidential agreed to white out any material including reference to profit made on each job which it believed to be proprietary in nature." London Livery asserts this agreement was reduced to writing in various letters it has filed into the record. A reading of the filed letters, however, does not sustain London Livery's contention that the parties agreed to produce the original trip sheets. Furthermore, A Confidential contests the existence of this agreement. It contends that after hearing arguments relative to its motion for a protective order, the trial court ordered it to "provide certain information from the `trip sheets'. At no time did the Court order nor did the plaintiff agree to provide the actual `trip sheets' to the defendants." A Confidential claims the information from the trip sheets it was ordered to provide to London Livery, and did provide prior to its records deposition, was the date of the job, the name of the driver, the vehicle mileage, the identity of the vehicle, and the name of the client.
The cases cited by London Livery to support its argument that summary judgment should be reversed because of this outstanding discovery are United Distributors, Inc. v. Roper Sales Corp., 576 So.2d 1223 (La.App. 5th Cir.1991) and Fisk v. Mathews, 525 So.2d 223 (La.App. 1st Cir. 1988). United Distributors, however, is distinguishable from the present case. The court of appeal therein found the trial court erred in holding the hearing on the motion for summary judgment prior to the completion of discovery and reversed the summary judgment on appeal because the mover failed to comply with certain ordered discovery relevant to disputed material facts.
In the instant case, no evidence is on record showing A Confidential failed to comply with ordered discovery or that relevant discovery is incomplete. There is only the mere contentions by the opponent of the motion that without the actual trip sheets it could not discover evidence to show the quantum of the debt is not accurate and, therefore, liquid. For coinciding reasons, Fisk does not provide support for London Livery's position either. In Fisk, the appellate court found defendant made broad allegations that plaintiff's failure to comply with his discovery requests denied him the opportunity to discover relevant facts to defend against the motion for summary judgment. It found his contentions were meritless, however, because mere contentions by an opponent to a motion for summary judgment that he does not have the information necessary to defend against the motion because of movant's failure to comply with discovery is insufficient to defeat the motion.
The parties' memoranda, written contract and A Confidential's computerized trip sheets do not corroborate the contention that the $1,410 difference is a billing error. Instead, the documents disclose that the parties interpret the contract term "daily rental rate" differently and the $1,410 disparity correlates to the obfuscation. The documents did not foster London Livery's claim that if it obtained the actual trip sheets, it would prove additional billing errors. Consequently, London Livery's arguments remain "mere contentions" which are insufficient to defeat summary judgment. See Fisk v. Mathews, supra.
The record reflects that prior to the records deposition and the filing of its motion for summary judgment, A Confidential provided London Livery with computerized printout trip sheets informing it of the date of the job(s), the name of the driver(s), the vehicle(s') mileage, the identity of the vehicle(s), *879 and the name of the client(s). London Livery could compare that information with that in its own records to determine whether it was being charged for services not actually rendered. Thus, the absence of an order compelling discovery of the actual trip sheets combined with London Livery's "mere contentions" that it did not have sufficient information to defeat the motion, do not compel reversal of the summary judgment. Consequently, London Livery's first assignment of error is without merit.
In its second assignment of error, London Livery claims summary judgment should not have been granted because the quantum of A Confidential's claim is disputed and therefore not liquidated. Since it proved overbilling, it contends A Confidential's claim is not liquid. Therefore, summary judgment should not have been granted and London Livery's claims should have offset A Confidential's after both were liquidated and demandable.
We disagree. While the trial court did not provide its rationale for entering judgment for $10,835, an amount $1,410 less than was prayed for in the petition, the parties' memoranda, written contract and A Confidential's computerized trip sheets favor the explanation that the amount of the judgment reflects the portion of the debt which was certain and liquid. A liquid debt is one whose existence is certain and its quantity determined. American Bank v. Saxena, 553 So.2d 836 (La.1989), citing 4 Aubry & Rau, Cours de Troit Civil Francais, s. 326 (6th ed. 1965); Litvanoff, The Law of Obligations in Louisiana Jurisprudence (1979), p. 646. The portion of the debt which was capable of ascertainment by mere calculation in accordance with accepted legal standards was therefore liquid. American Bank v. Saxena, supra.; Sims v. Hays, 521 So.2d 730 (La.App. 2d Cir.1988).
For a debt to be liquidated, acknowledgment by the debtor is not required. Litvanoff, supra. Nevertheless, we note that London Livery has not denied receiving the limousine services for which it was billed. The documents corroborate that the disputed $1,410 correlates to the parties varied interpretations of the contractual term "daily rental rate" and not to billings for services which were not rendered. Thus, the trial court did not err in finding $10,835 of the debt liquid and determinable.
London Livery's claim for offset and/or compensation was not sufficient to prevent summary judgment of this liquidated debt. The statutory requirements of setoff, or compensation as it is called in the Civil Code, are set forth in LSA-C.C. art. 1893 as follows:
Art. 1893. Compensation extinguishes obligations
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.
For compensation to apply, two distinct debts equally liquidated and demandable must exist contemporaneously. American Bank v. Saxena, supra.; Hartley v. Hartley, 349 So.2d 1258 (La.1977); Rauch v. Rauch, 535 So.2d 1317 (La.App. 5th Cir. 1988); Gulf Fed. Sav. & Loan Ass'n v. Nugent, supra. Louisiana jurisprudence has barred the application of compensation to tort claims. American Bank v. Saxena, supra. Thus, at the time judgment was entered, London Livery's reconventional demand did not constitute an equally demandable debt of A Confidential. Cf. First Nat. Bank of Commerce v. Dufrene, 525 So.2d 298 (La.App. 1st Cir.1988), writ den., 530 So.2d 567 (La.1988); Van Hoosen v. First Nat. Bank of St. Martin, 583 So.2d 106 (La.App. 3d Cir.1991); Project Square 221 v. Salles, 557 So.2d 345 (La.App. 4th Cir.1990), writ den., 560 So.2d 12 (La.1990). But see Rosenthal v. Oubre, 504 So.2d 1102 (La.App. 5th Cir.1987) [applied/defined terms of "mutuality of obligors" and "equally liquidated and determinable debt" very loosely.] London Livery's unliquidated *880 claim for tort damages could not be pleaded in compensation against A Confidential's liquidated claim based on an open account. Cf. American Bank v. Saxena, supra; Gulf Fed. Sav. & Loan Ass'n v. Nugent, supra. London Livery's second assignment is also without merit.
Appellate courts review summary judgments de novo, under the same criteria that governs the district court's consideration of the appropriateness of summary judgment. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La. 1991). The criteria set forth in the Code of Civil Procedure directs that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A); Brown v. Diversified Hospitality Group Inc., 600 So.2d 902 (La.App. 4th Cir.1992). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991); Brown v. Diversified Hospitality Group Inc., supra.
The trial court entered partial summary judgment in favor of A Confidential in the amount of $10,835, the portion of the obligation which was liquid and determinable. As the judgment is in accord with the above cited provisions and the intent of the summary judgment statutes, it was not error for the trial court to grant summary judgment on that portion of the debt.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissenting with reasons:
This appeal comes before this court on a partial summary judgment. Because I feel that issues of material fact still remain to be resolved, I dissent.
Clearly, London Livery made repeated requests for the original "trip sheets." It was willing to have all confidential material concealed in order to protect A Confidential's proprietary interests. However, it felt that the information in the "trip sheets" would show that the debt it owed was not as large as that claimed by A Confidential. The majority feels that all pertinent information from the "trip sheets" has been provided to the defendants. I disagree.
The original "trip sheets" contain notations made at a time when services were rendered. At this time there was no ulterior motive to fabricate the data. Therefore, the original "trip sheets" serve as the best objective data on the amount owed by the defendant.
Instead of producing the original "trip sheets," A Confidential produced a compilation of the information contained on the sheets. However, while purportedly containing all of the pertinent information, this compilation was made almost a year and a half after the actual limousine service was provided. The opportunity and motive to fabricate the data were present at the time the compilation was made. Thus, the compilation cannot be said to be the best objective evidence of the debt owed.
After reviewing the compilation, London Livery alleged that it discovered major billing errors. While the majority holds that the errors were due to a definitional dispute between the parties, I feel that any errors in the compilation, whether due to miscommunication or overbilling, are sufficient to require A Confidential to present more information. Thus, I feel that the original "trip sheets," as the best evidence of the debt, should be produced by A Confidential.
Without reviewing the information in the "trip sheets," the trial court should not have granted a partial summary judgment on the amount of the debt owed to A Confidential. A partial summary judgment should be used sparingly because a matter *881 should not be determined in a piecemeal fashion. Additionally, judicial efficiency dictates that the trial court make a determination on the entire matter at one time to reduce multiple appeals. Therefore, the trial court should be reticent in granting a partial summary judgment where a dispute still exists and the litigation will not be terminated by such a judgment.
For the foregoing reasons, I dissent from the majority's holding that the trial court was correct in granting a partial summary judgment in this case.
NOTES
[1] In response to an exception filed by London Livery, A Confidential filed a first amending and supplemental petition adding Jamie and Kurt Obermeyer as parties plaintiff.