| gGOTHARD, Judge.
Defendant, Samuel Yonter, an attorney, appeals a judgment of the trial court which grants a motion for summary judgment filed by plaintiff, and casts Mr. Yonter in judgment for $4,314.17 plus interest and attorney’s fees. For reasons that follow, we dismiss the appeal for lack of jurisdiction.
This matter began with the filing of a petition for damages for “Breach of Contract” by Diagnostic Management Affiliates, Inc. (DMA). Attached to the petition is an agreement between the parties entitled “Account Agreement”. The agreement provides that DMA “will provide medically necessary health care, including diagnostic medical services to (Mr. Yon-ter’s) lawfirm’s (sic) clients when services are ordered by a licensed physician subject to the terms and conditions of this agreement”. According to the terms of the agreement, Mr. Yonter’s law firm is directly responsible for payment of the services, and will be assessed an “account service fee” of Vk% of the unpaid balance due if payment is not received within 120 days of service rendered. In the petition, DMA alleges a balance due of $4,314.17 under the terms of the contract. Attached to the ^petition is an unsigned statement of account which shows a total outstanding of $4,564.17, and a copy of the agreement. It is clear from the pleading and attachments thereto that, although the pleading is entitled “Suit for Breach of Contract”, the action is actually a suit on an open account.
Mr. Yonter filed an answer and recon-ventional demand, in which he specifies the affirmative defenses of set off, misrepresentation, error, mistake and fraud, as well as a failure to mitigate damages. The reconventional demand alleges unfair or deceptive trade practices in violation of LSA-R.S. 51:1401, et seq. In that portion of the pleading, Mr. Yonter asserts that DMA set charges for services in “gross excess” of industry standards, charged usury interest, and overcharged his law *989 firm for services. Further, he asserts that DMA failed to apply payments made by the firm to the principal due, failed to send a proper demand letter, and continued to send invoices subsequent to the filing of the main demand. There is no indication in this designated appeal record whether DMA filed an answer to the reconventional demand.
DMA filed a motion for summary judgment on the main demand which was heard by the court. In the memorandum supporting the motion for summary judgment, DMA, citing A Confidential Limousine v. London Livery, 612 So.2d 875 (La. App. 4 Cir.1993), unit denied 614 So.2d 1263 (La.1993), argued that a reconven-tional demand under the Uniform Trade Practices Act cannot be used to defeat a summary judgment on open account.
In A Confidential, London Livery, made defendant in a suit on open account, filed an answer and reconventional demand asserting a claim under the Uniform Trade Practices Act. A Confidential filed a motion for summary judgment on the main demand and an exception of no cause of action on the | ¿reconventional demand. The trial court granted the summary judgment and denied the exception. In one of the assignments of error on appeal, London Livery claimed a set off and/or compensation for damages asserted in the re-conventional demand. The court of appeal rejected this argument, finding that compensation in accordance with LSA-C.C. article 1893[1] requires two distinct debts equally liquidated and demandable, which exist contemporaneously. At the time the judgment was rendered, London Livery’s reconventional demand did not constitute an equally demandable debt of A Confidential. Consequently, the court found that London Livery’s unliquidated debt for tort damages could not be pleaded in compensation against A Confidential’s liquidated claim based on an open account. A Confidential v. London Livery, supra, 612 So.2d at 879-880.
While we do not quarrel with that statement of law, the point missed by DMA in the instant case is that, while the assertion of the claim in the reconventional demand does not necessarily defeat the summary judgment on the suit on open account, it does represent a separate cause of action in tort. In A Confidential, supra, the reconventional demand filed by London Livery remained a separate, viable action when the court affirmed a trial court ruling which overruled an exception of no cause of action.
lBIn the instant case, there is no indication that the issues raised by the reconven-tional demand were joined or considered by the trial court. Because the merits of the claims made on the reconventional demand have not been heard by the court, it still remains a viable action.
LSA-C.C.P. article 1915(B) states:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or de- *990 cisión which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment appealed in the instant case is a summary judgment which decides only the main demand. It has not been designated final for purposes of immediate appeal in accordance with the above code article. Because the reconventional demand is still pending in the trial court, we are without jurisdiction to consider the appeal of the summary judgment, and we must therefore dismiss the matter for lack of jurisdiction.
APPEAL DISMISSED.

. LA C.C. Art. 1893, Compensation extinguishes obligations
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.