joSOL GOTHARD, Judge.
Plaintiff, Mayerhafer Construction, L.L.C., d/b/a Oak Enterprise, appeals from a judgment granting defendant’s exception of no cause of action and dismissing plaintiffs suit with prejudice. For the following reasons, we dismiss the appeal for lack of jurisdiction.
This suit began on July 27, 2000, when plaintiff filed a petition styled “Petition for Enforcement of Lien.” In the petition, plaintiff alleges that defendant, Denise Ri-choux-Buffone, contracted with plaintiff for renovations and improvements on her house and that she failed to pay the full amount due. Plaintiff further alleged that it filed a timely hen on the property. The prayer for relief is two-fold, requesting judgment in the amount of $48,221.00 plus attorney fees and costs, and seeking to enforce the lien on the property. Thus, although the petition is entitled “Petition for [.^Enforcement of Lien”, the action is actually for enforcement of lien and for breach of contract.
Ms. Richoux-Buffone answered the petition on September 7, 2000. Thereafter, on November 14, 2000, she filed an exception of no cause of action and reconventional demand. In the exception of no cause of action, she alleges that plaintiff was not entitled to enforce a lien because it failed to record the original contract. In her reconventional demand, she seeks damages for plaintiffs errors in construction and incomplete construction.
On April 24, 2000, the trial court granted defendant’s exception of no cause of action, and dismissed plaintiffs case with prejudice. In this appeal, plaintiff alleges that the trial court erred in granting the exception of no cause of action without reserving to it the right to pursue his claim for damages. Defendant contends that the only issue presented by the petition was the petition for enforcement of lien, and further that the trial court de *764 nied, and presumably dismissed, the recon-ventional demand. The judgment on appeal in this matter reads in its entirety as follows:
After considering the evidence, law and argument of counsel in favor of the defendant, for the reasons orally assigned:'
IT IS ORDERED, ADJUDGED AND DECREED that the Exception of No Cause of Action is granted; the Petition for Enforcement of lien of the plaintiff, Mayerhafter (sic) Construction, L.L.C. d/b/a Oak Enterprise, is dismissed with prejudice; and accordingly, Jon Geggenheimer, Clerk of Court and Ex Officio Registrar of Conveyances for this Parish, is directed to cancel the inscription in Conveyance Book No. 3953, Folio 469 of the public records of this parish of the affidavit executed by Philip H. Mayerhafer on May 8, 2000.
Judgment signed in open court, in the City of Gretna, this 24th day of April, 2001.
|4There were no written reasons for judgment given in this case. Although the judgment dismisses plaintiffs petition, it makes no mention of the claim for damages therein, and does not grant plaintiff leave to amend as provided in La. C.C.P. art. 934. Further, there is no disposition of the reconventional demand,[1] and thus that demand remains a viable action.
La. C.C.P. art. 1915(B) states:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment appealed in the instant case granting the exception of no cause of action decides only the main demand, and not the reconventional demand, between the parties. It adjudicates fewer than all the claims between the parties, and it was not designated final for purposes of immediate appeal in accordance with the above code article. Because the reconventional demand is still pending in the trial court, we are without [ ¡¿jurisdiction to consider this appeal from the grant of the exception of no cause of action. Further, we note that the trial court’s judgment may be revisited at any time pursuant to La. C.C.P. art. 1915B(2).
For the above reasons, we dismiss the matter for lack of jurisdiction. See, Diagnostic Mgmt. Affiliates v. Yonter, 99-99 (La.App. 5 Cir. 7/27/99), 739 So.2d 988.
APPEAL DISMISSED.

. In the record, there is no answer to the reconventional demand filed, and therefore issue was not joined for trial. There is no dismissal by defendant of the reconventional demand in the record. There is some mention of the claim set forth in the reconventional demand in the transcript; however, no disposition was ever entered as a judgment.