839 So.2d 346 (2003)
Clement and Joan EISWIRTH
v.
ANTHONY L. GOLEMI CONTRACTOR, INC.
No. 02-CA-1060.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
Rehearing Denied March 24, 2003.
*347 Kyle Schonekas, Maria G. Marks, Schonekas, Winsberg, Evans & McGoey, New Orleans, LA, for Plaintiffs/Appellants.
Temple A. Stephens, Stephens & Grace, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
Plaintiffs, Clement and Joan Elswirth, appeal from the granting of an exception of prescription. The judgment on appeal is a partial, final judgment that is not immediately appealable pursuant to La. C.C.P. art. 1915. Accordingly, we dismiss this appeal.
Plaintiffs filed suit for damages for breach of warranty and for breach of contract. In their suit, plaintiffs alleged that they contracted for the construction of a house, and that defendant failed to complete construction in a timely and adequate manner. In their suit, plaintiffs allege both breach of contract and breach of warranty. Plaintiffs allege that they "intended to satisfy a non-pecuniary interest" and defendant's failure to perform caused non-pecuniary loss, including damages for mental anguish, distress, inconvenience, and loss of use. Plaintiffs also allege that they suffered damages as a result of delay in construction, and damages for defective building construction.
Defendants filed exceptions of no cause of action, no right of action, and prescription. Defendants argued that plaintiffs had no cause/no right of action save that under the Louisiana New Home Warranty Act (La. R.S. 9:3141 et seq). Defendant argues that plaintiffs' claims for breach of contract, mental anguish, distress, inconvenience, and loss of use, as well as the claim for delay damages, are not provided in the Act. Defendants also argued that any claims plaintiffs may have under the New Home Warranty Act had prescribed. Thereafter, defendant filed an answer and third party demand against various subcontractors. Defendant further filed a reconventional demand for breach of contract and/or suit on open account pursuant to La. R.S. 9:2781.
The trial court denied the exception of no cause of action and no right of action, and granted the exception of prescription. Plaintiffs filed a motion for appeal from that judgment.
La. C.C.P. art. 1915 B provides that:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment *348 by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In this case, while the trial court granted the exception of prescription, thereby dismissing any claims for breach of warranty under the New Home Warranty Act, the court denied the exceptions of no cause/no right of action as to the breach of contract claims. The trial court's judgment did not dismiss the claims for breach of contract (since the exceptions of no cause/no right of action were denied), and those claims are still pending against defendant. In addition, defendant's claims against plaintiffs, alleged in the reconventional demand, are still pending. Since La. C.C.P. art.1915 does not authorize a partial final judgment on the exception of prescription unless a party is dismissed, and in this case defendant was not dismissed from this suit as plaintiffs' breach of contract claims are still pending, the judgment in the instant case granting the exception of prescription is an interlocutory judgment that is not appealable in the absence of irreparable injury. See, McDonald v. Zapata Protein (USA), Inc., 97-10 (La.App. 3 Cir. 4/30/97), 693 So.2d 296. Here, irreparable injury has not been proven, or even alleged. Furthermore, there is no designation in the record that the judgment would be final for purposes of appeal or that there was no just reason for delay.
Accordingly, we dismiss this appeal and remand this matter to the trial court.
APPEAL DISMISSED.