WALTER J. ROTHSCHILD, Judge.
 

 | gThis is an appeal from a judgment of the trial court granting the exception of prescription brought by defendant and dismissing a portion of plaintiffs claims. Because we find that the judgment is a non-appealable partial judgment, we hereby dismiss this appeal and remand the case to the trial court for further proceedings.
 

 On May 1, 2008, plaintiff Nathaniel Mas-si filed the present petition for damages against Blane Rome, Sr., alleging that on January 25, 2001 Rome obtained a permit to build a garage on his residential property in LaPlace, Louisiana. Plaintiff alleges that the location of the garage is not zoned for commercial use, but that Rome unlawfully uses the garage to operate a boat repair business whereby he fixes, repairs and stores boats for customers. Plaintiff alleges that the permit was obtained fraudulently, and that the defendant should be prohibited from operating a business on the property.
 

 In addition, plaintiff alleges the following:
 

 Plaintiff resides in close proximity to defendant’s property and the acts of defendant are a nuisance to the | ^plaintiff, have caused plaintiff to suffer sleep loss, and have interfered with plaintiffs right to peaceable possession.
 

 [[Image here]]
 

 Plaintiff also avers that defendant should be made to pay damages in an amount determined by this Court for defendant’s nuisance and interruption of
 
 *486
 
 plaintiffs peaceable possession as well as defendant’s loss of sleep.
 

 In response to the petition, defendant brought a peremptory exception of prescription on the basis of La. R.S. 9:5625 which provides a prescriptive period for all actions based upon the violation of a zoning or building restriction commencing from the first act constituting commission of the violation.
 
 [1]
 
 As plaintiffs petition alleged that the activity began in 2001, defendant argued that his petition filed in 2008 has prescribed.
 

 Plaintiff answered the exception and stated that the cause of action asserted in his petition is not based upon the violation of zoning ordinances, but rather is based on intentional and continuing tort law. As such, plaintiff argues that La. R.S. 9:5625 is not applicable to his tort claims and that his claims have not prescribed.
 

 Following a hearing, the trial court rendered judgment granting defendant’s exception of prescription “as to any of plaintiffs claims based upon alleged violations of zoning ordinances.” The judgment further | ¿provided that “[a]ny claim based upon violation of a zoning ordinance is hereby dismissed with prejudice.”
 

 In its oral reasons for judgment, the trial court noted that the only matter for his consideration was a “prescriptive-related exception under Title 9.” The court further stated that the entire suit was not dismissed, but that the judgment dismissed all Title 9 violations. As such, the trial court found that the allegations of plaintiffs petition with regard to zoning or building restrictions had prescribed, but that plaintiffs allegations in tort were not included in this judgment.
 

 By this appeal, Massi contends that the trial court erred in relying on La. R.S. 9:5625 to determine the prescriptive date in this matter. Massi argues that the wrongful acts of the defendant are actionable in tort and are continuing and recurring. Thus, he contends the prescriptive period has not yet begun to run.
 

 La C.C.P. art.2083, as amended in 2005, provides in pertinent part:
 

 A. A final judgment is appealable in all causes in which appeals are given by law
 

 * * *
 

 C. An interlocutory judgment is ap-pealable only when expressly provided by law.
 

 La. C.C.P. art. 1915 B provides that:
 

 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reeon-ventional demand, cross-claim, third party claim, or intervention, the judgment
 
 *487
 
 shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates | ¿fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 The trial court’s judgment in this case granted the exception of prescription and dismissed plaintiffs claims based upon violation of zoning ordinances. However, the judgment does not adjudicate all the claims between the parties, and the trial court specifically failed to consider plaintiffs claims of nuisance and interruption of peaceable possession. The sole defendant was not dismissed from the action. The judgment is therefore a partial judgment.
 

 Although La. C.C.P. art. 1915(A) provides that a partial judgment in some instances may be a final judgment even if it does not grant the successful party all of the relief prayed for or adjudicate all of the issues in the ease, none of the specified instances are applicable in this case. Further, there is no designation in the record that the judgment would be final for the purposes of appeal or that there was not just reason for delay as required by La. C.C.P. art. 1915(B)(1).
 

 In the absence of a such a designation, such a judgment “shall not constitute a final judgment for the purpose of an immediate appeal.” La. C.C.P. art. 1915(B)(2). Thus, since the judgment is not a final judgment under La. C.C.P. art. 1915(A) and has not been properly designated as a final judgment under La. C.C.P. art. 1915(B), it is not a final appealable judgment. Pon
 
 tchartrain Tavern, Inc. v. Johnson,
 
 07-115, p. 5, (La.App. 5 Cir. 8/28/07), 966 So.2d 1062, 1064;
 
 O’Connor v. Nelson,
 
 05-125, p. 4 (La.App. 5 Cir. 7/26/05), 910 So.2d 441, 443;
 
 Eiswirth v. Anthony L. Golemi Contractor, Inc.,
 
 02-1060, p. 3 (La.App. 5 Cir. 1/28/03), 839 So.2d 346, 348.
 

 Accordingly, we find we have no jurisdiction to consider this matter. The appeal is therefore dismissed, and the matter is remanded to the trial court for complete disposition of the claims between the parties.
 

 APPEAL DISMISSED
 

 [1]
 

 . Although defendant argued the prescriptive period was two years from the first act constituting the commission of the violation, the law as applied to this claim contains a five year prescriptive period. The prescriptive period contained in La. R.S. 9:5625(A) was amended by Acts 1997, No. 491, § 1 and now provides as follows:
 

 A. (1) All actions civil or criminal, created by statute, ordinance, or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities, or their instrumentalities or by any person, firm, or corporation to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, municipality, or an instrumentality thereof, and based upon the violation by any person, firm, or corporation of such restriction or regulation, must be brought within five years from the first act constituting the commission of the violation.