IN RE: INTERDICTION OF EUNICE LIRETTE
GAMBINO

C/W

CALVIN J. GAMBINO, JR. AND CYNTHIA A.
GAMBINO, AS CURATOR FOR
INTERDICTEE EUNICE L. GAMBINO

VERSUS

CALVIN. J. GAMBINO, SR. AND BRAD
JOSEPH GAMBINO

NO. 19-CA-152
C/W
19-CA-153

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 778-797 C/W 784-146, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 11, 2019

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**<u>APPEAL DISMISSED</u>**

    **SJW**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
CALVIN J. GAMBINO, JR. AND CYNTHIA A. GAMBINO, CURATORS FOR
EUNICE L. GAMBINO
    M. Elizabeth Bowman
    Christy M. Howley

COUNSEL FOR DEFENDANT/APPELLEE,
CALVIN J. GAMBINO, SR.
    Don C. Gardner

**WINDHORST, J.**

Appellants, Calvin J. Gambino, Jr. and Cynthia A. Gambino, as curators for Eunice L. Gambino, appeal the trial court's January 9, 2019 judgment denying their "Petition to Nullify Act of Donation."[1]  For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

**PROCEDURAL HISTORY AND FACTS**

Appellee, Calvin J. Gambino, Sr., and Eunice L. Gambino were married in 1952 and they had ten children: Calvin J. Gambino, Jr., David J. Gambino, Cynthia A. Gambino, Laurie Gambino Kraemer, Joy Gambino Landry, Anthony J. Gambino, Catherine Gambino Rando, Linda Gambino Gunn, and Brad Joseph Gambino. Appellee and Eunice had one child predecease them, Tina M. Gambino.

On August 16, 2017, appellee executed a Donation *Inter Vivos* in favor of his son, Brad Joseph Gambino, of 94.67 acres of immovable property in St. Tangipahoa Parish.

On December 19, 2017, Calvin J. Gambino, Jr. and Cynthia A. Gambino, along with six siblings filed a petition to interdict their mother, Eunice L. Gambino, contending that she had advanced dementia and Alzheimers.  At the same time, the siblings also filed a petition to interdict their father, Calvin J. Gambino, Sr.  Brad Joseph Gambino did not join in either petition to interdict his parents.  The trial court dismissed the petition to interdict their father, Calvin J. Gambino, Sr., but granted the petition to interdict their mother, Eunice L. Gambino, on January 1, 2018.[2]  A consent judgment was entered into whereas it was agreed that Calvin J. Gambino, Jr. and Cynthia A. Gambino would serve as curators, and Calvin J. Gambino, Sr. would serve as undercurator of Eunice L. Gambino.

---

[1] On October 30, 2019, the parties submitted an amended judgment to this Court.
[2] The judgment was signed February 20, 2018.

On May 24, 2018, Calvin J. Gambino, Jr. and Cynthia A. Gambino as curators for Euncie L. Gambino filed a "Petition to Terminate Community Property Regime, and to Annul Donations." In the petition, the curators alleged that the August 16, 2017 donation of immovable property in Tangipahoa Parish executed by Calvin J. Gambino, Sr. to Brad Joseph Gambino was invalid because the immovable property was community, and because Eunice L. Gambino did not have capacity to consent to the donation due to her medical condition and she did not join in the written donation.

On September 24, 2018, the curators filed a "First Supplemental Petition to Terminate Community Property Regime, and to Annul Donations." Calvin J. Gambino, Sr. and Brad Joseph Gambino were named defendants in the petitions. In the petitions, the curators requested that there be judgment in favor of the curators for Eunice L. Gambino and against the defendants (1) declaring certain items attached to the petitions to be deemed community property; (2) annulling the donation of immovable property dated August 16, 2017 from Calvin J. Gambino, Sr. to Brad Joseph Gambino; (3) annulling all possible donations of cattle or farm equipment owned by Calvin J. Gambino, Sr. and Eunice L. Gambino to Brad Joseph Gambino from 2014 forward; (4) annulling the donation of ½ interest in CD account number ending in #2562 in the amount of $103,942.00; or in the alternative (5) awarding an amount to adequately compensate Eunice L. Gambino for her one-half interest in the community. The petitions also requested a rule to show cause why the community property regime should not be terminated. On October 18, 2018, Calvin J. Gambino, Sr. filed an answer to the petitions and a reconventional demand against the curators for Eunice L. Gambino. On November 8, 2018, the curators filed an answer and opposition to the reconventional demand.

On November 14, 2018, the parties appeared before the trial court on the curators claim to annul the August 16, 2017 donation of immovable property by

Calvin J. Gambino, Sr. to Brad Joseph Gambino. On January 9, 2019, the trial court rendered judgment stating:

> After hearing the arguments of the parties, reviewing all memoranda, the pleadings and facts and considering the law and the evidence, the Court finds: Mr. Gambino, Sr. presented credible testimony, supported by corroborating evidence, sufficient to overcome the presumption of community. The immovable property at issue was Calvin J. Gambino, Sr.'s separate property.
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Petition to Nullify Act of Donation filed by Calvin J. Gambino, Jr. and Cynthia A. Gambino, court appointed curators for Eunice L. Gambino, is **DENIED**. (Emphasis included in original.)

On September 23, 2019, this Court found that based on the petitions, answer, and reconventional demand, the January 9, 2019 judgment was not a final judgment as it lacked sufficient decretal language. This Court also found that it appeared that not all issues in the petitions and reconventional demand were disposed of and there was no designation that the judgment was a final judgment or the trial court's express determination that there was no just reason for delay. La. C.C.P. art. 1915 B. We found that because the trial court had not issued a valid, final judgment in this case, this Court lacked appellate jurisdiction. Nevertheless, this Court invoked its supervisory jurisdiction and ordered the trial court to amend, if possible, the January 9, 2019 judgment to invoke this Court's jurisdiction.

On October 4, 2019, the trial court signed an amended judgment, which provided:

> After hearing the arguments of the parties, reviewing all memoranda, the pleadings and facts and considering the law and the evidence, the Court finds: Mr. Gambino, Sr. presented credible testimony, supported by corroborating evidence, sufficient to overcome the presumption of community. The immovable property at issue was Calvin J. Gambino, Sr.'s separate property.
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the action to annul the August 16, 2017 Act of Donation wherein Calvin J. Gambino, Sr. donated immovable

property located in Tangipahoa Parish to Brad Joseph Gambino, filed by Calvin J. Gambino, Jr. and Cynthia A. Gambino, the court appointed curators for Eunice L. Gambino, within their Petition to Terminate Community Property Regime, and to Annul Donations and First Supplemental Petition to Terminate Community Property Regime, and to Annul Donations is **DENIED and dismissed with prejudice**. (Emphasis included in original.)

## DISCUSSION

On appeal, the curators for Eunice L. Gambino seek review of the trial court's judgment finding that the immovable property in question was the separate property of Calvin J. Gambino, Sr. and denying their action to annul the August 16, 2017 donation of immovable property located in Tangipahoa Parish from Calvin J. Gambino, Sr. to Brad Joseph Gambino.

Before considering the merits in any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot reach the merits of an appeal unless our jurisdiction has been properly invoked by a valid final judgment. Id.; Gabriel v. Delta Air Lines, Inc., 16-210 (La. App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185-1186; Morraz-Blandon v. Voiron, 16-112 (La. App. 5 Cir. 08/25/16), 199 So.3d 1220, 1221.

La. C.C.P. art. 2083 provides in pertinent part:

> A. A final judgment is appealable in all causes in which appeals are given by law . . .
>
> * * *
>
> C. An interlocutory judgment is appealable only when expressly provided by law.

La. C.C.P. art. 1915 B, provides:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party

claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although the amended judgment dismisses, with prejudice, the curators' "action to annul the August 16, 2017 Act of Donation wherein Calvin J. Gambino, Sr. donated immovable property located in Tangipahoa Parish to Brad Joseph Gambino," the judgment does not address the disposition of the curators' remaining actions or claims in the petitions. Additionally, there is no disposition or dismissal of the reconventional demand, and thus that demand remains a viable action. The amended judgment is therefore a partial judgment.

While La. C.C.P. art. 1915 A provides that a partial judgment in some instances may be a final judgment even if it does not grant the successful party all of the relief prayed for or adjudicate all the issues in the case, none of the instances enumerated therein are applicable in this case. Further, there is no designation in the record that the judgment is final for the purposes of appeal and that there is no just reason for delay as required by La. C.C.P. art. 1915 B(1).

In the absence of such a designation, a judgment "shall not constitute a final judgment for the purpose of an immediate appeal." La. C.C.P. art. 1915 B(2). Thus, since the judgment is not a final judgment under La. C.C.P. art. 1915 A, and has not been properly designated as such under La. C.C.P. art. 1915 B, we lack subject matter jurisdiction to consider this appeal. Massi v. Rome, 08-1281 (La. App. 5 Cir. 06/23/09), 19 So.3d 485, 487; Pontchartrain Tavern, Inc. v. Johnson, 07-115 (La. App. 5 Cir. 08/28/07), 966 So.2d 1062, 1064; O'Connor v. Nelson, 05–125, (La. App. 5 Cir. 07/26/05), 910 So.2d 441, 443; Eiswirth v. Anthony L. Golemi

Contractor, Inc., 02–1060 (La. App. 5 Cir. 01/28/03), 839 So.2d 346, 348;

Mayerhafer Construction, LLC v. Richoux-Buffone, 01-791 (La. App. 5 Cir.

12/12/01), 808 So.2d 763.

**DECREE**

For the reasons discussed herein, we dismiss the appeal for lack of jurisdiction, and remand this case to the trial court for complete disposition of the claims between the parties.

**<u>APPEAL DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 11, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-152
**C/W 19-CA-153**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
CHRISTY M. HOWLEY (APPELLANT)

**MAILED**
M. ELIZABETH BOWMAN (APPELLANT)          ALBERT J. GARDNER, III (APPELLEE)
ATTORNEY AT LAW                          DON C. GARDNER (APPELLEE)
629 LAFAYETTE STREET                      ATTORNEYS AT LAW
GRETNA, LA 70053                          6380 JEFFERSON HIGHWAY
                                         HARAHAN, LA 70123